**Edward BETZ, (Plaintiff) Appellant,**

v.

**Jesse GLASER, (Defendant) Respondent.**

**No. 31453.**

St. Louis Court of Appeals.

Missouri.

Feb. 18, 1964.

Motion for Rehearing or for Transfer to Supreme Court Denied March 12, 1964.

David G. Dempsey, Thomas B. Maue, Clayton, for appellant.

Luke, Cunliff, Wilson, Herr & Chavaux, by Paul Chavaux, St. Louis, for respondent.

WOLFE, Judge.

This is an action for damages arising out of personal injuries sustained by the plaintiff when he fell from a ladder while engaged in cutting a limb from a tree. He charged that he was caused to fall by the defendant going under the tree at the time the limb was about to fall, and that in attempting to grab the limb he lost his balance. There was a verdict for the plaintiff, but the court sustained the defendant's motion for a judgment in accordance with her prior motion for a directed verdict, and entered a judgment for the defendant. From the judgment so entered the plaintiff prosecutes this appeal.

All of the evidence, except for medical testimony with which we are not concerned, came from the plaintiff, who was the only witness called. On May 23, 1956, Edward Betz, the plaintiff, was a painting contractor. He was sixty years of age and resided on Lafayette Avenue in the City of St. Louis. Mr. and Mrs. Glaser lived across the street from his residence. They were friends of his, and he had been in their yard on occasions to show them how to cut the grass "and so forth". Mr. Glaser had asked him several times to cut some branches from a tree on a boundary of the Glaser property. On the date mentioned Betz took his own ladder across the street to the Glaser property, and with a saw supplied by Glaser he proceeded to cut branches from the tree. His ladder was firmly set. He was accustomed to working on ladders and had at times worked at considerable heights. He had done this for many years and had never fallen.

Mr. and Mrs. Glaser were in the yard watching the operation, and as he cut branches from the tree Mrs. Glaser would run under the tree and pick them up and carry them away. He stated that prior to the accident he had said to Mrs. Glaser, "Get away from the tree, you'll get hurt." He said that he told her that a "couple of times". Then he said, "about two or three times," which he later changed to "dozens of times". He said that prior to his fall he had cut from three to four limbs from the tree and had been at work for about ten minutes. Despite his warnings, Mrs. Glaser went under the tree to pick up branches that he had cut. He could have quit cutting the limbs from the tree, but he did not do so because the Glasers were good friends of his.

Just before the accident he was standing firmly on the ladder. He was about ten feet from the ground, and a branch that he was about to saw was waist-high to him as he stood on the ladder. The branch was ten feet long and three inches "around" at the trunk. He saw Mrs. Glaser was in the yard away from the tree. Holding onto the ladder with his left hand and sawing with his right hand he started to saw the branch. As it was about severed and started to fall, he saw Mrs. Glaser standing beneath the tree under the branch. He released his hold on the ladder and attempted to grab the branch. He lost his balance and fell, and was seriously injured by reason of the fall.

The plaintiff submitted his case upon the rescue doctrine. He asserts that he acted upon seeing the defendant in peril from the falling limb, and that consequently he may recover for the injuries sustained in attempting to rescue her, regardless of his own negligence in so doing.

In Dulley v. Berkley, 304 S.W.2d 878, l. c. 883, our Supreme Court cited with approval the following from 38 American Jurisprudence, Negligence, § 228, p. 912:

"The rule is well settled that one who sees a person in imminent and serious peril caused by the *negligence of another* cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attemping to effect a rescue, provided the attempt is not recklessly or rashly made. In other words, in attempting to save the life of another, one is justified in exposing himself to danger in a manner that under other circumstances would deprive him of legal redress for injuries sustained." (Emphasis ours.)

As stated in Dulley v. Berkley, supra, the basic theory of the rescue doctrine is that the negligence or wrong that imperiled life is not only a wrong to the imperiled victim, but also a wrong to his rescuer.

We have been cited to no Missouri cases, nor have we found any, where the rescuer sues the party rescued. The case closest in point to the facts before us is Saylor v. Parsons et al., 122 Iowa 679, 98 N.W. 500, 64 L.R.A. 542. This case involved two workmen who were engaged in removing a wall in order to build an ex-

tension to a building. The defendant was negligently undermining the wall, and the plaintiff noticed that it was listing toward his fellow worker. Believing the fellow worker to be in imminent danger he seized a piece of scantling and braced it against the wall about two feet from the top. His fellow worker escaped without injury, but the brick against which the plaintiff placed the prop gave way, and the plaintiff fell forward and was caught by the falling wall, suffering injuries. The court held that the plaintiff made no case. It stated that a plaintiff who grounds his action upon the negligence of the defendant must show, not only that the conduct of the defendant was negligent, but also that it was a violation of some duty the defendant owed to him.

This case is noted in Am.Jur., § 229, p. 914, and it sums up the holding by saying that according to this authority, "a person who places himself in peril is not guilty of negligence toward another which entitles the latter to recover for injury suffered in attempting to rescue him from his peril."

There is some authority to the contrary in Brugh v. Bigelow, 310 Mich. 74, 16 N. W.2d 668, 158 A.L.R. 184. In that case the plaintiff was injured in attempting to rescue a person pinned beneath an automobile. The rescuer was injured in attempting to free the party from his position of peril, and brought suit against the one he rescued. The defendant had negligently driven his automobile before he was pinned under it. This case attempts to distinguish the facts from those in the case of Saylor v. Parsons, supra, by reason of the fact that the defendant in Brugh v. Bigelow was calling for help and his negligence occurred on a public highway. We find the law as stated in the Saylor case more in point to the situation before us, if we assume that the defendant in the instant case was, in fact, in peril.

In the case before us the plaintiff had full control of cutting the branch that was to fall. He knew there were two people in the yard and sawed the branch to a point where it would break off before making sure that it would not fall on any one. It is true that he had told Mrs. Glaser a number of times to get away from the tree or she would get hurt. He did not warn her that her presence in any way endangered him. She went under the tree obviously to catch the branch or to step aside when it fell and pick it up. She did, in fact, step aside and was not struck by it. If her action was negligent, any risk that could be anticipated from it was to herself.

In the case of Gladden v. Missouri Public Service Company, 277 S.W.2d 510, the Missouri Supreme Court quotes with approval a statement contained in Restatement of Torts, § 289, comment b, which is as follows:

"In order that an act may be negligent it is necessary that the actor should realize that it involves a risk of causing harm to some interest of another, such as the interest in bodily security, which is protected against unintended invasion. But this of itself is not sufficient to make the act negligent. Not only must the act involve a risk which the actor realizes or should realize, but the risk which is realized or should be realized must be unreasonable."

Jones v. St. Louis-San Francisco Ry. Co., 333 Mo. 802, 63 S.W.2d 94, 1. c. 98; Phillips v. Yellow Cab Co. et al., 225 Mo.App. 1172, 36 S.W.2d 419, 1. c. 423.

In Gladden v. Missouri Public Service Co., supra, the court also goes on to say that "anticipation" or "foreseeability" is an essential element in determining negligence.

Here, if it were possible to charge the defendant with negligence, it would have to appear from the facts to be reasonably foreseeable that in going under the tree

she would be in a position of peril; that if she went under the tree the plaintiff would continue to saw the branch before he discovered her; that after he discovered her position, the branch was about to fall; that he would attempt to grab the branch; that in attempting to do so he would release his hold upon the ladder; that in releasing his hold on the ladder he would lose his balance, and that this loss of balance would be sufficient to cause him to fall, or that he would in some other way be injured by her presence under the tree. It certainly appears unreasonable that the defendant could have foreseen that in walking under the tree, she would set in motion the chain of circumstances which culminated in the plaintiff's injuries.

As stated in Tharp v. Monsees, Mo. Sup., 327 S.W.2d 889, 1. c. 899:

" 'Whether or not negligence *can* be inferred from a given state of facts is a question of law for the court. * * *' Yerger v. Smith, 338 Mo. 140, 89 S.W.2d 66, 74. It is a judicial function to determine whether the evidence is substantial, as a matter of law, and warrants inferences sufficient for the submission of the case to the jury. When evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by nonsuit, directed verdict or otherwise in accordance with applicable practice without submission to jury, or by judgment notwithstanding the verdict. Nance v. Atchison, T. & S. F. Ry. Co., 360 Mo. 980, 232 S.W.2d 547, 554. That means that where facts in evidence and legitimate inferences therefrom are so strongly against a verdict for plaintiff as to leave no room for reasonable minds to differ, defendant is entitled to a directed verdict. Stone v. Farmington Aviation Corp., 363 Mo. 803, 253 S.W.2d 810, 813."

 We find no facts or legitimate inferences that the fall of the plaintiff was caused by any actionable negligence of the defendant. Consequently, the action of the trial court in sustaining defendant's motion for judgment was proper.

The judgment of the trial court is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.