WESTERN CASUALTY AND SURETY COMPANY, Appellant,

v.

KANSAS CITY BANK AND TRUST COMPANY, Respondent.

No. WD 38735.

Missouri Court of Appeals, Western District.

Jan. 12, 1988.

Robert Ernest Gould, Richard I. Buchli, II, Gould and Moore, P.C., Kansas City, Mo., for appellant.

James L. Burgess, Johnson, Lucas, Bush, Snapp and Burgess, Kansas City, Mo., for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

Western Casualty and Surety Company sued the Kansas City Bank and Trust Company to set aside a prior transfer of property to the bank by one Joe H. Bryan who was indebted both to the bank and to Western on unrelated obligations. Western's suit was based on a claim that the bank had received a preference in the transfer and that Western was entitled to have the transaction set aside under § 428.020, RSMo 1986, as in fraud of Bryan's creditors. The trial court entered a judgment for the bank and denied Western leave to file an amended petition, all purporting to have been in response to a motion for summary judgment. We conclude the trial court was in error and therefore reverse the judgment and remand the case for further proceedings.

The controversy between Western and the bank arose from a complex series of transactions, a summary of which must be recited to place the issues on appeal in a factual setting. Because the debts owed the bank and Western originated from unrelated events, the following summary describes first the basis for the obligation owed the bank, second a similar record as to transactions involving Western and finally the merger in each party's claim against the common debtor, Joe H. Bryan.

In August, 1979, the bank was owed a debt of $296,000.00 by Kenneth and Jeanne Berg secured by a deed of trust on five parcels of land. The payments were in default. Berg and Joe Bryan approached the bank with a proposal for Bryan to assume the loan upon the condition that Bryan receive title to two of the parcels and the bank release its encumbrance on the three remaining parcels to be retained by Berg. As a part of the transaction between Berg and Bryan, Berg was to assign to Bryan a second mortgage note which Berg held executed by Associated Analysts Corporation on which a balance of $350,000.00 was owed payable over a term of ten years. The bank agreed to the substitution of Bryan on the Berg loan provided Bryan also pledge the Associated note as collateral. This was accomplished and as a result, the bank held Bryan's note for $296,000.00 secured by a deed of trust on the two parcels of land and the Associated note.

Soon after the Berg–Bryan transfers, the debt owed the bank was again in default. Bryan made some partial payments on an agreed schedule but in August, 1980, the bank called the loan and foreclosed on the two tracts of real estate. In consequence of that sale and after crediting the partial payments, the balance due on the note was $196,484.14. On October 31, 1980, the bank and Bryan entered into an agreement to liquidate this balance. Bryan assigned to the bank all of his interest in the Associated note on which the balance to be paid was then $335,361.57. The bank accepted

the transfer as satisfaction and released Bryan. It is this transfer which was claimed to have been in fraud of Bryan's creditors.

The history of Western's claim against Bryan commences with an obligation it assumed under a surety bond written for a construction contractor, Schoonover Brothers. The record of that transaction is not fully recounted in the pleadings and exhibits, but it appears Schoonover failed in its contracted performance and Western was required to make payments as surety. That circumstance gave rise to an indemnity claim by Western which Schoonover satisfied by assignment to Western of various assets. Among those assets was a promissory note it held of Joe H. Bryan for $300,-000.00 [1]. As of the date of this litigation, Western had not been paid by Schoonover or Bryan, both of whom were insolvent.

The facts stated above were not in dispute. The contention between Western and the bank is over the Associated note, apparently the only asset of Bryan with tangible value. Western's claim is that when Bryan assigned ownership of the note to the bank in 1980 he did so at a time when he was insolvent and transferred the note for less than full value. The bank filed a motion for summary judgment contending that Western was not a qualified creditor of Bryan entitled to advance the cause of action asserted. We first consider the entry made by the trial court on the summary judgment motion. The dispositive portion reads:

It is therefore ordered, adjudged and decreed that the claims asserted in Count I and Count III of plaintiff's second amended petition be, and by this order are, dismissed and defendant's motion for summary judgment is sustained.

The entry also denied Western leave to file an amended petition which had been tendered earlier.

The first problem in dealing with this appeal lies with the quoted judgment which is ambiguous. On its face, the order purports to dismiss the case and, at the same time, enter a judgment for the defendant. An examination of the findings included in the prior paragraphs of the entry discloses that a dismissal of the stated counts of the petition was based on the court's conclusion that Western lacked standing as a creditor of Bryan to invoke relief under the fraudulent conveyance statute. Such was asserted by the bank in its motion, the contention being that Western's claim against Bryan had not been reduced to judgment.

▪ Standing relates to the interest of an adversary in the subject of the suit so as to give that party the right to relief. *Spencer's River Roads Bowling Lanes, Inc. v. Unico Management Co.*, 615 S.W.2d 121, 124 (Mo.App.1981). Standing requires some justiciable interest in the subject matter of the action susceptible of protection through litigation. Standing is a matter, in a sense, jurisdictional in limine. *Crigler v. Frame*, 632 S.W.2d 94, 96 (Mo.App.1982).

▪ It is necessary to the validity of a judgment that the court have jurisdiction of the question which its judgment assumed to decide and jurisdiction to render a judgment for the particular relief which the judgment undertakes to grant. *McCoy v. Briegel*, 305 S.W.2d 29, 35 (Mo.App.1957). If a party is found to lack standing sufficient to maintain the action and therefore has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on that question for or against any of the parties.

By the findings of its judgment entry here, the trial court expressly ruled that Western lacked standing to assert the fraudulent conveyance claims described in the mentioned counts. If Western lacked standing, then its petition was subject to dismissal because it failed to establish the requisite subject matter jurisdiction. It must also follow that the trial court, lacking subject matter jurisdiction, could not

---

1. The Bryan to Schoonover note was secured by a deed of trust on the two parcels of land acquired by Bryan from Berg. That deed of trust was junior to the bank's encumbrance and was extinguished when the bank foreclosed. Bryan eventually filed for bankruptcy in Texas.

enter a judgment on the merits for the bank.

For purposes of reviewing Western's points of error, we conclude that the judgment quoted above, even though based on affidavits, depositions and exhibits, was not an entry of summary judgment on the merits but merely a dismissal ordered because Western had not demonstrated a justiciable interest in the claim it asserted. This conclusion is important because it bears on evaluation of Western's contention that the court abused its discretion in refusing leave to file Western's third amended petition. That contention is considered under certain well accepted principles governing amendment of pleadings.

Upon sustaining a motion to dismiss a claim, the court shall freely grant leave to amend the petition. Rule 67.06. Leave to amend pleadings shall be freely given when justice so requires. Rule 55.33; *Baker v. City of Kansas City*, 671 S.W.2d 325, 329 (Mo.App.1984). The reason for allowing amendments to be made is to enable matters to be presented that were overlooked or were unknown to the party at the time he filed his original pleading. *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 802 (Mo.App.1975).

The stated principles applicable to amendment of pleadings, in this case Western's third amended petition, are necessarily conditioned upon a finding that the pleading alterations at least facially cure the defects which led to the prior dismissal. There would be no basis in this case to fault the trial court's order if, under its third amended pleading, Western still had not alleged facts sufficient to bring its claim within the provisions of § 428.020, RSMo 1986. The content of that tendered but unfiled petition must therefore be examined as to sufficiency against a motion to dismiss, the allegations being given their most favorable intendment and inference. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985).

The said third amended petition, mislabeled by Western as its second amended petition, alleged generally the facts recounted earlier in this opinion. It also al-leged, in substance, that Western was the owner of and had all right, title and interest in the promissory note of May 14, 1979 executed by Bryan to Schoonover Brothers Construction Company and also was the owner of certain judgments rendered in favor of Schoonover Brothers in connection with the note, including a personal judgment against Joe H. Bryan entered January 21, 1983. It is to be noted at this point that the principal basis on which Western was deemed not to have had standing under earlier petitions was the lack of any allegation that the Bryan note debt had been reduced to judgment.

■ To have standing to set aside the transfer of the Associated note as void under § 428.020, RSMo 1986, Western must first establish that it was a creditor of Bryan and that the debt had been reduced to judgment at the time the action to set aside the transfer is filed. Western qualifies as a creditor within the terms of the statute if it had a subsisting claim or obligation against the debtor at the time the alleged fraudulent transfer was made regardless of whether the claim was then matured or had then been reduced to judgment. *See* 37 C.J.S. *Fraudulent Conveyances* § 64 (1943). To maintain this action, however, Western must also be a judgment creditor or have a legal or equitable lien on the property or have commenced an attachment suit against the property transferred. *Jones v. Davis*, 306 S.W.2d 479, 480 (Mo. 1957). The reason a judgment is generally required is because a court of equity can only interfere with the right of a debtor to dispose of his property at the instigation of a bona fide creditor and until an alleged debt has successfully been reduced to judgment, it cannot be said with certainty that one is an actual creditor. *Johnson v. Fotie*, 308 S.W.2d 662, 666 (Mo.1958).

The third amended petition, given the benefit of favorable inferences, does allege facts which show Western to have been a creditor of Bryan, albeit as assignee of Schoonover, when the Associated note was assigned to the bank. The petition also alleges that the debt was reduced to a personal judgment against Bryan before

the third amended petition was filed. Whether proof will sustain these allegations is, of course, another matter not cognizable in review of a motion to dismiss for lack of standing. The amended petition did supply the omissions of the previous pleadings and was sufficient to withstand dismissal.

The bank argues that the amended petition content should not change the result of dismissal first, because the petition does not allege specifically an assignment of the January 21, 1983 judgment from Schoonover Brothers. Second, the bank says Western still lacks standing because the 1983 judgment was only against Joe Bryan while the assignment of the Associated note was by Bryan and his wife as tenants by the entireties.

As noted above, we give the third amended petition its broadest intendment. The averment that Western owned the note and the judgment against Bryan is sufficient to support the inference therefrom that the note was assigned. In addition, the deposition from Deverne Schoonover includes his testimony that Western received assignment from Schoonover Brothers of everything the company had, including the Bryan note.

As to the second point, it appears from the documents that Berg assigned the Associated note only to Joe Bryan individually. The transfer of that note to the bank was joined by Bryan's wife, but with the explanation, "to release her marital interests, if any." Based upon these details and recognizing that the issue is only a determination of the sufficiency of the petition to withstand a motion to dismiss, the marital interest of Bryan's wife cannot be regarded as a fatal omission. There is nothing presented as to what business dealings may have occurred between the Bryans or the source of funds used in Bryan's business. The presumption that a tenancy by the entireties was created does not necessarily follow merely by the conveyance of an asset to an individual who is at that time married. *Cf. Nelson v. Hotchkiss,* 601 S.W.2d 14 (Mo. banc 1980); *State ex rel. State Highway Commission v. Morgan-*

*stein,* 649 S.W.2d 485 (Mo.App.1983); *Fulton v. Fulton,* 528 S.W.2d 146 (Mo.App. 1975); *Ray v. Ray,* 336 S.W.2d 731 (Mo. App.1960).

Having concluded, as we do, that Western's third amended petition did state a cause of action, the final question is whether the trial court abused its discretion in refusing to grant Western leave to file the petition.

■ The most frequent reason for denying leave to amend is that the opposing party will be prejudiced. *DeArmon v. City of St. Louis,* 525 S.W.2d at 802. Factors the court should consider in making its decision whether to allow an amendment are: hardship to the moving party if leave to amend is denied, the reasons for the moving party's failure to include the new matter in the earlier pleading and the injustice resulting to the party opposing the motion should it be granted. *Id.* Other considerations are the timeliness of the application, the record of the case as to plaintiff's prior attempts to state a claim for relief, *Thompson v. Fiber–Lum, Inc.,* 464 S.W.2d 514, 517 (Mo.App.1971), and whether the plaintiff by amendment could cure the inadequacy of its petition. *Saigh v. Busch,* 396 S.W.2d 9, 25 (Mo.App.1965), *cert. denied,* 384 U.S. 942, 86 S.Ct. 1465, 16 L.Ed.2d 541 (1966).

■ In this case, there is no demonstrated prejudice to the bank which would occur if leave to file the amended petition were granted. Western, however, is precluded from pursuing its claim if leave is not granted, the dismissal having been with prejudice. The general rule is that final disposition of a case is premature where it appears that the plaintiff might amend its petition to effectively state a claim and leave to so amend has been requested. *See Dietrich v. Pulitzer Publishing Co.,* 422 S.W.2d 330, 333–34 (Mo.1968). The trial court was in error here in denying Western leave to amend.

In deciding that Western should be granted the opportunity to amend its petition, we do not reach and do not express any opinion on the issues of whether a petition so amended would entitle Western

to prevail in its suit or whether summary judgment may or may not be appropriate under the affidavits, depositions and documents previously submitted or hereafter supplemented. More particularly, we express no opinion on the issue of whether the bank gave full or adequate consideration for assignment of the Associated note.

The judgment is reversed and the case is remanded for further proceedings.

All concur.