BREMEN BANK AND TRUST
COMPANY OF ST. LOUIS,
Plaintiff–Appellant,

v.

John D. MUSKOPF, C. Dean Ferguson
and Vickie L. Ferguson, Peter M. Don-
ovan, Eugene I. Hoffmann and Joanne
Hoffmann, Paul J. Faix and Janet Faix,
Bank of Washington, Lloyd J. Wur-
dack, and Michael A. Campbell, Defen-
dants–Respondents.

No. 58925.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 17, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 1991.

Application to Transfer Denied
Nov. 19, 1991.

**604**

Edward E. Murphy, Jr., Clayton, Charles W. Niedner, St. Charles, for plaintiff-appellant.

Robert Edward Jones, Clayton, Albert E. Schoenbeck, St. Louis, for defendants-respondents Bank of Washington, Mary Jane Marquart, Trustee, Eugene I. Hoffmann, Joanne Hoffmann, Lloyd J. Wurdack, Trustee, for Paul J. Faix and Janet Faix.

STEPHAN, Judge.

Appellant, Bremen Bank and Trust Company of St. Louis ("Bremen"), appeals from the trial court's judgment and order which found that a foreclosure sale was valid. The facts, although complicated, are largely undisputed. The only witnesses before the trial court were: (1) Carl Fruend, a commercial loan officer of Bremen; and (2) Michael A. Campbell, the successor trustee who presided over the foreclosure sale. All documentary evidence was admitted pursuant to a stipulation of the parties.

■ Ordinarily in a court-tried case we are bound by the rule that the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where the issue on appeal is not the sufficiency of the evidence, however, we are not bound by and need not defer to the trial court's conclusions regarding the legal effect of its findings of fact. *Southgate Bank and*

*Trust Co. v. May*, 696 S.W.2d 515, 519 (Mo.App.1985). Moreover, where the findings of fact are derived from the pleadings, stipulations, exhibits and depositions, or where the evidence is not controverted, no deference is due the trial court's judgment. *Id.*

On November 30, 1984, O. Dean Ferguson and Vickie L. Ferguson executed and delivered to John D. Muskopf: (1) a promissory note in the principal amount of $230,000.00; and (2) their deed of trust on certain real property located in Gray Summit, Franklin County, Missouri, to secure payment of the note. The deed of trust named Peter M. Donovan as trustee and Muskopf as beneficiary. Both documents were recorded in the office of the Franklin County Recorder of Deeds on March 14, 1985. The note and deed of trust were on standard preprinted forms. The blanks were filled in and slightly modified with both typing and some handwriting. The deed of trust provided the following regarding the parties' rights in the event of default:

> [s]aid party of the Second Part [trustee], or, in the case of his death, or disability, or his or its neglect or refusal to act, then acting Sheriff of Franklin County or as directed by holder as successor in trust, or in case of his inability, neglect or refusal to act, then a successor appointed by the Circuit Court, may, at the request of the legal holder of the note secured hereby, proceed to sell the property hereinbefore conveyed, or any part thereof, at public venue or out-cry (as to any part of said property situated in the City of Union) at the North Door of the Court House, being Civil Courts Building, County of Franklin and State of Missouri, to the highest bidder for cash, first giving notice required by the laws of Missouri in respect to exercising power of sale under mortgages and deeds of trust then in effect ... and upon such sale shall execute a deed in fee simple of the property sold, to purchaser or purchasers thereof and shall receive the proceeds of such sale....

The deed of trust also provided that "the covenants and agreements hereinabove

shall bind and inure to the benefit of, respectively, the heirs, assigns, successors and legal representatives of said 'First Party,' [Fergusons] and any legally appointed successor of said 'Second Party,' [trustee] and the endorsees, assigns and legal representatives of said 'Third Party' [Muskopf]."

In December 1985, Muskopf applied and was approved for a loan with Bremen. On December 11, 1985, Muskopf executed and delivered a revolving credit note, payable to Bremen in the amount of $80,000.00, the full amount of which was drawn down by January 9, 1986.[1] As security for this loan, Muskopf gave his personal guaranty and a written assignment of the Ferguson note and deed of trust. Muskopf delivered the note and deed of trust to Bremen, and it has retained physical possession since that time. Muskopf did not endorse the back of the note. Moreover, Bremen did not record the assignment of the note and deed of trust until May 15, 1989. Bremen also did not file a statutory request for notice of foreclosure sale as it was permitted to do, pursuant to Section 443.325, RSMo 1986.[2]

The Fergusons defaulted on the note in July 1987. Muskopf subsequently contacted a St. Louis law firm regarding foreclosure of the note and deed of trust. The matter was assigned to Michael Campbell, an associate with the firm. On October 7, 1987, the decision was made to proceed with foreclosure, but Bremen was not consulted.

Campbell was unable to contact the trustee, Peter Donovan, and was told by Muskopf that Donovan was unable to act. Campbell testified he had telephone conversations with Muskopf during which Muskopf stated that he was removing Donovan as trustee and appointing Campbell as the successor. In reliance on Muskopf's verbal instructions, Campbell prepared a document for Muskopf's signature, to remove Donovan as trustee and appoint Campbell successor trustee. The document was for-warded to Muskopf. Campbell then commenced foreclosure proceedings.

Campbell performed all the statutorily required steps in preparation of the foreclosure sale. He ordered and received a letter report on the title to the property. He prepared a notice of the sale and ordered publication of the notice in the Franklin County Tribune. The notice ran four times prior to the date of sale. He sent written notice directly to the Fergusons, by certified mail, because they were, at the time, the record owners of the property.

The letter report made no mention of Bremen's interest in the property as it was still unrecorded. Campbell also testified that he, personally, had no knowledge of Muskopf's assignment to Bremen. Consequently, no notice of the sale was sent directly to Bremen. Carl Fruend, Bremen's commercial loan officer, testified that Bremen had neither knowledge of the appointment of Campbell as successor trustee nor knowledge that a foreclosure sale had taken place until December 1988 or January 1989 when Muskopf filed for bankruptcy. The foreclosure sale was held on November 6, 1987. Muskopf was the highest bidder. At that time, Campbell was acting under the authority of an oral appointment as Muskopf had not signed the written appointment. Moreover, he did not have the original Ferguson note and deed of trust in his possession when he conducted the sale. The written appointment of Campbell as successor trustee was signed by Muskopf on November 16, 1987, ten days after the sale, and was recorded in Franklin County on April 21, 1988.

On November 15, 1987, Campbell prepared a trustee's deed (under foreclosure) in favor of Muskopf. The Fergusons were notified of the results of the foreclosure sale by letter dated November 25, 1987. Subsequently, on November 1, 1989, the Fergusons gave a quit claim deed to the

---

1. The revolving credit note was later renewed by another revolving credit note executed and delivered by Muskopf to Bremen on December 11, 1987. It provided for the same security.

2. Although some of these events transpired prior to 1986, the applicable laws have remained constant during all relevant times. We will, therefore, cite to RSMo 1986 in order to remain consistent throughout the opinion.

property to one of the subsequent purchasers.

Under date of May 11, 1988, Muskopf and his wife conveyed the property to Eugene I. Hoffmann and Joanne Hoffmann by general warranty deed recorded in Franklin County on May 26, 1988. Under date of December 15, 1988, the Hoffmanns conveyed the property to Paul J. Faix by general warranty deed recorded in Franklin County on December 22, 1988. Under date of December 16, 1988, Paul J. Faix and Janet Faix executed a first deed of trust on the property to the Bank of Washington and a second deed of trust to the Hoffmanns, both recorded in Franklin County on December 22 and 29, 1988, respectively. The parties have stipulated that valuable consideration was given for those subsequent transfers and that the transferees had no knowledge of the facts alleged in Bremen's petition, other than constructive knowledge of the facts shown by public records.

Muskopf's second note to Bremen remains unpaid with a balance owing of $74,-600.00. Muskopf filed for relief under Chapter 13 of the United States Bankruptcy Code in January 1989. A modification of the automatic stay in bankruptcy was granted by the bankruptcy court to allow Bremen to pursue this action. The Ferguson note and deed of trust were released of record at the Franklin County Recorder's Office in January 1990, when the trial court granted a motion, filed by the Hoffmans, for substitution of collateral.

Trial was held without a jury on April 30, 1990. The trial court made findings of fact and conclusions of law and entered judgment for the respondents. The trial court held that the foreclosure sale was void because the verbal appointment of the successor trustee was ineffective since the appointment of a trustee is a conveyance of an interest in the title to real estate. It further found, however, that, since no party objected, Bremen was not prejudiced by the failure to properly appoint the successor trustee. The subsequent written appointment, therefore, ratified the sale. The trial court also found that Bremen had no standing to object to the foreclosure sale because its interest was not publically recorded. From this judgment, Bremen appeals.

Bremen's first point is that the trial court erred in holding that the foreclosure sale was effective to transfer title to the property because: (1) the sale was not requested or consented to by Bremen; and (2) it was conducted by a successor trustee who was not validly appointed. For the following reasons, we find that the foreclosure sale was valid and that the subsequent purchasers took as bona fide purchasers for value without notice of Bremen's interest.

■ Bremen seeks to set aside the foreclosure sale because: (1) it was held without its consent; and (2) it was the holder of the note and deed of trust. We must, therefore, first determine if Bremen is the holder of the indebtedness. If so, then Muskopf was not authorized to appoint Campbell or to direct the foreclosure sale making it void. Thus, no title could pass. *Citizens Bank of Edina v. West Quincy Auto Auction, Inc.,* 742 S.W.2d 161, 165 (Mo. banc 1987); *Nickels v. Cohn,* 764 S.W.2d 124, 135 (Mo.App.1989).

A holder is a person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him or to his order or to bearer or in blank. Section 400.1–201(20), RSMo 1986. An instrument means a negotiable instrument. Section 400.3–102(1)(e), RSMo 1986. To be a negotiable instrument, the writing must: (1) be signed by the maker or drawer; (2) contain an unconditional promise to pay a sum certain in money; (3) contain no other promise, order or obligation; (4) be payable on demand or at a definite time; and (5) be payable to order or bearer. Section 400.3–104(1), RSMo 1986.

■ The promissory note that Muskopf assigned to Bremen is a negotiable instrument. It bears the signatures of O. Dean Ferguson and Vickie L. Ferguson. They promise to pay $230,000.00, plus interest at a rate of 11% per annum pursuant to a schedule. The note is made payable to the

order of John D. Muskopf. The note contains no other promise besides the promise to pay the money.

■ Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order, as it is here, it is negotiated by delivery with any necessary endorsement. Section 400.3–202(1), RSMo 1986. An endorsement must be written by, or on behalf of, the holder and on the instrument or on paper so firmly affixed thereto as to become a part thereof. Section 400.3–202(2), RSMo 1986. An endorsement pinned or clipped to the instrument is not sufficient. The endorsement must be on the instrument itself or on a paper called an allonge, which is so firmly affixed to the instrument as to become an extension or part of it. Section 400.3–202 comment 3, RSMo 1986. An allonge is defined as "[a] piece of paper annexed to a negotiable instrument or promissory note on which to write endorsements for which there is no room on the instrument itself." Black's Law Dictionary 100 (4th Ed.1968).

■ Here, Muskopf's assignment was not attached to the note at all. It, therefore, did not effectively negotiate the instrument in such a way that Bremen became a holder of the note. *See, Illinois State Bank of Quincy v. Yates*, 678 S.W.2d 819, 824 (Mo.App.1984). Moreover, it has been held previously that the customary and proper place for an endorsement is on the back of the instrument. *State Bank of Fisk v. Omega Electronics, Inc.*, 634 S.W.2d 234, 238 (Mo.App.1982). Negotiation, therefore, was not effected and Bremen did not automatically become a holder of the note.

■ While Bremen is not a holder of the note because it lacked effective negotiation, Bremen is a transferee pursuant to the assignment. The transfer of an instrument vests in the transferee such rights as the transferor has therein, but only to the extent of the interest transferred. Sections 400.3–201(1) and (3), RSMo 1986. We must determine the extent of the interest Muskopf transferred to Bremen.

The parties have not cited any Missouri law on this point, and we have found none. The issue has, however, been addressed in *Lipkowitz & Plaut v. Affrunti*, 95 Misc.2d 849, 407 N.Y.S.2d 1010 (N.Y.Sup.Ct.1978). In that case, one Robert Gray received four promissory notes totalling $180,000.00 from the defendants. He assigned his interest in the notes to ACLI as collateral to secure payment of a $60,000.00 indebtedness due ACLI. The notes were endorsed and delivered to ACLI. Subsequently, Gray assigned the notes to plaintiff, subject and subordinate to the prior assignment. When the debt to ACLI was paid, the notes were delivered, but not endorsed, to plaintiff. Gray defaulted and plaintiff attempted to accelerate payment of the promissory notes. The New York court determined that Gray did not irrevocably divest himself of the ultimate right to all of the proceeds of the notes. While it was true that all of the proceeds of the collateral were available to satisfy the ACLI obligation, ACLI was only entitled to $60,-000.00 of the $180,000.00 potential proceeds. This transaction, therefore, created only a partial assignment pursuant to UCC Sections 3.201 and 3.202(3). *Id.*, 407 N.Y.S.2d at 1013. Gray still retained ownership of the unneeded remainder proceeds. *Id.* The New York court also found that plaintiff, as an assignee of a collateral interest in the proceeds of the notes, was not a holder and could not accelerate them. *Id.*, 407 N.Y.S.2d at 1015.

■ Here, Muskopf executed the assignment of the note and deed of trust for the purpose of pledging collateral security on his revolving credit note with Bremen. The face amount of the note pledged was $230,000.00, although the obligation to Bremen totalled only $80,000.00. We find, as did the New York court, that this constituted a partial assignment. The revolving credit note was significantly overcollateralized and the Ferguson note was not endorsed. The evidence supports the conclusion that Muskopf did not intend to assign his total interest in the Ferguson note. Going one step further, Bremen was apparently aware of this intention since it failed to record its interest. We, therefore, find

that Muskopf did not transfer his "holder" status and he could request the foreclosure sale and appoint a successor trustee.

 Bremen argues, however, that it was not required to record the note and deed of trust. This statement is true, but contains a corollary. Until the documents are recorded, they are valid only between the parties thereto. *Godwin v. Gerling,* 362 Mo. 19, 239 S.W.2d 352, 360 (1951). Once recorded, notice is imputed to all persons and subsequent purchasers. *Id.* Since Bremen failed to record its interest, it is precluded by the foreclosure sale, for it is established by long-standing authority that a purchaser is charged with constructive notice of all recorded instruments lying within the chain of title, but an instrument outside the chain of title imparts no notice. *Edwards Land & Timber Co. v. Richards,* 163 S.W.2d 581, 585–586 (Mo.1942); *Hamrick v. Herrera,* 744 S.W.2d 458, 461 (Mo. App.1987); *Basore v. Johnson,* 689 S.W.2d 103, 109 (Mo.App.1985). The effect of the recording statutes is that subsequent bona fide purchasers of realty, with no actual notice of an unrecorded interest in that realty, take free of that unrecorded interest. Sections 442.380, 442.390 and 442.400; *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 394–395 (Mo.App.1984).

 Lastly, Bremen argues that, even if Muskopf could appoint a successor trustee, the appointment was invalid because, on the day of the sale, the successor trustee was empowered only through a verbal appointment. Bremen states that a writing was required and, since there was no writing, Campbell had no authority to conduct the foreclosure sale.

Bremen relies on *Smith v. Equitable Life Assur. Soc.,* 448 S.W.2d 588 (Mo.1970). It states:

> [t]he instrument appointing Hamm as successor trustee transfers to him the title to the property which previously was vested in Lee as trustee, and it is an instrument contemplated by Section 442.-380. Section 442.400 provides that such instrument shall not be valid until after recording except in the case of parties thereto and persons with actual notice

thereof. The effect of Section 442.400 is not to make the instrument void prior to recording.

*Id.* at 594.

This holding does provide that the appointment of a successor trustee is a conveyance of real estate, therefore, it must be in writing. We agree with the trial court, and find that the oral appointment was subsequently ratified by the written appointment. All parties who were required to receive notice of the foreclosure sale did receive notice, and none complained. Bremen would have received notice if it had taken more care to protect its interest. There was no prejudice. We refuse to set aside the sale on this point. Bremen's first point is, therefore, denied. The trial court is, however, instructed to amend its judgment to show that the foreclosure sale was valid.

Bremen's second point asserts that the trial court erred in finding that Bremen did not have standing to challenge the foreclosure sale. We agree, but find the point moot.

 Standing requires that the party seeking relief have a legally cognizable interest in the subject matter and that there is actual or threatened injury. *Eastern Mo. Laborers Dist. Council v. St. Louis County,* 781 S.W.2d 43, 46 (Mo. banc 1989). If a party is found to lack standing sufficient to maintain the action, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on that question for or against any of the parties. *Western Casualty & Surety Co. v. Kansas City Bank & Trust Company,* 743 S.W.2d 578, 580 (Mo.App. 1988).

 Bremen had a justiciable interest in having its rights determined in lieu of the foreclosure sale because it did hold a partial assignment. Even though the trial court determined that Bremen lacked standing, it nevertheless made findings of fact and conclusions of law and entered a judgment on Bremen's petition. The point is therefore moot. Bremen's second point is denied.

We have reviewed Bremen's final two points. Neither would have any effect on what we have already determined, and an extended discussion of them would have no precedential value. Points III and IV are, therefore, denied pursuant to Rule 84.16(b). The trial court's judgment is affirmed, as modified.

REINHARD, P.J., and CRANE, J., concur.