STATE of Missouri, ex rel. the UPJOHN COMPANY, Relator,

v.

The Honorable Ronald M. BELT, Specially Assigned Judge of the Circuit Court of Platte County, Missouri, Respondent.

No. WD 46556.

Missouri Court of Appeals, Western District.

Nov. 3, 1992.

Motion For Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied Jan. 26, 1993.

Lane D. Bauer, Vivian W. McLeod, Laura D. Stith, Shook, Hardy & Bacon, Kansas City, for relator.

Patrick J. Berringan, Asst. Public Defender, Charles W. Gordon, Jr., Smith, Gill, Fisher & Butts, Kansas City, for respondent.

Richard B. Scherrer, Jordan B. Cherrick, Armstrong, Teasedale, Schlafley & Davis, St. Louis, Alfred W. Cortese, Jr., Frederick M. Rowe, Kathleen L. Blaner, Kirkland & Ellis, Washington, D.C., amicus curiae.

Before BERREY, P.J., and TURNAGE and SMART, JJ.

TURNAGE, Judge.

The Upjohn Company filed a petition in prohibition to prohibit the trial judge from modifying a protective order entered in the case of *State v. Wacaser* which had been pending in the Circuit Court of Platte County. Counsel for Wacaser had subpoenaed thousands of Upjohn's records in an effort to prove a defense based on Wacaser taking the drug Halcion which is made by Upjohn. After Wacaser was found guilty of first degree murder, she committed suicide. Thereafter, counsel who had represented her filed a motion to modify the protective order relative to Upjohn's records. The court indicated that it would sustain the motion unless prohibited and this court issued a preliminary order in prohibition. The preliminary order is now made absolute.

In August 1987, Nila Wacaser's two sons were murdered. Nila was tried in 1988 for the murder and sentenced to death, but that conviction was reversed in *State v. Wacaser*, 794 S.W.2d 190 (Mo. banc 1990).

Prior to the second trial of Wacaser, her attorneys decided to rely on the defense that she committed the crime because she was taking Halcion. The attorneys issued a subpoena duces tecum to Upjohn seeking the production of numerous records concerning Halcion.

In October 1991, Upjohn filed a motion to quash the subpoena duces tecum. The court denied the motion to quash but entered a protective order of confidentiality which limited counsel's use of the Upjohn documents to the confines of the criminal case and prohibited the further dissemination of the documents. The order required all documents to be returned to Upjohn within 15 days of the conclusion of the criminal case.

Prior to the commencement of the second trial in April 1992, Upjohn filed a motion requesting that the confidentiality of its documents be protected even as to those offered in evidence. The court assured Upjohn that the confidentiality of its documents would be protected and informed counsel that Upjohn's documents used during the trial continued to be subject to the protective order. Counsel was instructed to retain possession of all documents admitted in evidence and not to file any such documents with the clerk.

Upjohn contends that the documents produced were prepared during the clinical study program which took place prior to FDA approval of Halcion. Upjohn contends that the public disclosure of the documents provided counsel in the Wacaser trial would seriously and irreparably damage its competitive position in the drug business.

At the Wacaser trial several thousand of Upjohn's documents were introduced in evidence but none were filed with the court and only a few were given individual exhibit numbers. Apparently boxes containing the documents were marked as exhibits. Almost all of the documents remained in boxes which were not opened in the court room.

On May 8, 1992 the jury found Wacaser guilty of murder in the first degree. On the next day Wacaser committed suicide in her jail cell prior to sentencing.

On May 22, 1992 counsel who had represented Wacaser filed a motion to dissolve the protective order covering the Upjohn documents as to all documents entered into evidence. The motion further sought to allow counsel who had represented Wacaser to retain all of Upjohn's documents given to them subject to a confidentiality provision. The motion was denominated as being filed by Nila Wacaser's defense counsel and bore the caption of the criminal case. Counsel signed the motion as "counsel for defendant."

On June 30, the court indicated that unless prohibited it would sustain the motion to dissolve the protective order as to all documents introduced in evidence unless prohibited from doing so. On July 16, 1992 this court issued a preliminary order in prohibition to prohibit the court from modifying the protective order.

■ Upjohn contends that the criminal prosecution against Nila Wacaser abated on the death of Wacaser and there was no conviction within the contemplation of law. This is a rule of long standing in this state as held in *State v. Macklin*, 560 S.W.2d 69, 70 (Mo.App.1977). On the death of Wacaser the criminal charges against Wacaser were erased in contemplation of law. The

situation is the same as if the charges had never been brought. Thus, the death of Wacaser concluded the criminal charges and the provision of the protective order requiring the return to Upjohn of its documents was triggered.

■ Upjohn principally contends that counsel who represented Wacaser during her lifetime had no standing to file a motion to modify the protective order. Upjohn relies on *State ex rel. White v. Terte*, 293 S.W.2d 6, 10[3, 4] (Mo.App.1956), in which this court stated the general rule that the relationship between an attorney and client is one of agency and on the death of the client the relationship terminates together with all authority incidental thereto, and the attorney has no authority to take any further action whatever in behalf of the deceased client until authorized by the duly qualified personal representative of the client. The attorneys who represented Wacaser acknowledge this rule but express doubt that it applies in a criminal case. The rule was applied in a criminal case in *U.S. v. Dwyer*, 855 F.2d 144, 145 (3rd Cir.1988). In that case the court stated "the attorneys here, who represented Dwyer at his criminal trial, lacked legal authority to act as his agents after his death and thus had no standing to move to abate his conviction."

In *Dwyer*, the court held that the attorneys who represented Dwyer had no standing to file a motion to abate his conviction after his death. In *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227, n. 6 (Mo. banc 1982), the court stated that the issue of standing "is within the notice of this Court because it is a jurisdictional matter and antecedent to the right of relief." In *Western Casualty & Sur. Co. v. Kansas City Bank & Trust Co.*, 743 S.W.2d 578, 580[1][2] (Mo.App.1988), this court discussed standing and stated: "Standing requires some justiciable interest in the subject matter of the action susceptible of protection through litigation. Standing is a matter, in a sense, jurisdictional in limine." (citation omitted.) *Id.* at 580[1]. "If a party is found to lack standing sufficient to maintain the action and therefore has no

right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on that question for or against any of the parties." *Id.* at 580[2]. *Western* was followed in *Bremen Bank and Trust Co. v. Muskopf*, 817 S.W.2d 602, 608[13, 14] (Mo. App.1991).

The rules discussed above coalesce to deprive the attorneys who represented Wacaser of standing to file a motion to modify the protective order.[1] Their authority to act as attorneys for Wacaser terminated on her death and thereafter they had no standing to take any action on her behalf, including the filing of any motion to modify the protective order concerning Upjohn's documents. Because the attorneys lacked standing to file the motion to modify the protective order, the court never acquired jurisdiction of the motion to modify the protective order. Therefore, the court was without jurisdiction to entertain the motion to modify and, a fortiori, was without jurisdiction to enter an order modifying the protective order.

The attorneys who represented Wacaser mostly concede the above rules but contend that they were seeking to establish that the criminal case was moot and that the documents that came into evidence in the criminal case were now public records. Counsel makes some argument that it was necessary to file the motion to insure that Wacaser's right to a public trial was vindicated through insuring that the documents introduced in evidence would remain public. It is a sufficient answer to the argument to state that Wacaser's trial had already taken place and she had been afforded her full constitutional right to a public trial.

Upjohn concedes that whatever documents were made public during the trial cannot now be made private nor can they be recalled from public knowledge. Upjohn does contend that the vast majority of the documents turned over to counsel for Wacaser have not been made public and that it would do great damage to Upjohn

for the documents which have not been made public to be released to the public domain. Further, Upjohn requests return of all documents turned over to the attorneys. As held, Upjohn is correct in its position and the court had no jurisdiction to enter an order modifying the protective order in any respect.

■ It should further be noted that even aside from the question of standing, elementary precepts of fairness should prevent the entry of any order modifying the protective order. Upjohn produced the documents for Wacaser's attorneys only after the court entered a protective order insuring to the greatest possible degree that the documents would remain confidential. For the court to renege on its action to protect the confidentiality of the documents would be manifestly unjust and unfair to Upjohn.

The criminal case against Nila Wacaser is concluded and the attorneys who represented her during the trial had no standing to file a motion to modify the protective order under which Upjohn's documents were given to the attorneys and the court had no jurisdiction to entertain such motion. The only jurisdiction the court now has is to insure that the attorneys who represented Wacaser comply with the protective order by promptly returning all of Upjohn's documents to it.

The preliminary order in prohibition is made absolute.[2]

All concur.

---

1. There is no contention that the attorneys acted in behalf or on authority of a personal representative of Wacaser.

2. All motions taken with the case are hereby denied.