**In re ESTATE OF Bessie PLUMMER, Deceased, Plaintiff-Respondent,**

v.

**Jack FRITSCH, Alice Mellies and Evona Fritsch, Defendants-Appellants.**

**No. 50153.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 11, 1986.

Hansen, Stierberger, Brown & Downard, E.A. Stierberger, Union, for defendants-appellants.

Walter D. McQuie, Jr., Montgomery city, for plaintiff-respondent.

CRANDALL, Presiding Judge.

In a court-tried action, plaintiff sought determination of the ownership of certain certificates of deposit which were titled in the following manner: "to A or B, payable to either." The trial court held that no joint tenancy in the certificates was created under § 362.470, RSMo (1978), with the result that the certificates of deposit were part of decedent's estate. We affirm.

The standard of appellate review is guided by the oft-cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976).

Between August 1975 and February 1984, in six separate transactions, Bessie Plummer, decedent, deposited money and was issued the following certificates of deposit: four certificates in the amounts of $1,900, $2,338, $6,466, and $1,500, all titled "Bessie Plummer or Jack Fritsch ... payable to either"; one certificate in the amount of $1,802, titled "to Bessie Plummer or Evona Fritsch ... payable to either"; and one certificate in the amount of $3,663.66, titled to "Bessie Plummer or Alice Mellies ... payable to either."

On August 20, 1984, Bessie Plummer died. Subsequently, defendants, Jack Fritsch, Alice Mellies and Evona Fritsch, requested the estate to release the certificates of deposit, claiming that they were the survivors of the joint tenancies which decedent had created in the certificates. The estate denied their requests and instituted an action to determine the ownership of the six certificates of deposit. The trial court held that no joint tenancy with right of survivorship was created in any of the certificates, stating: "One cannot imply an intent to create a survivorship account by use of the words 'payable to either' or payable 'to A or B.'" The trial court found that the certificates were the sole property of decedent's estate.

In their first point, defendants claim that the language on the certificates of deposit is sufficient to create a joint tenancy. They assert that, as survivors of the separate joint tenancies, they are the owners of their respective certificates and are entitled to the proceeds.

Pursuant to § 362.470, a depositor has two alternative methods of creating a joint tenancy: (1) make the account payable to the depositors as joint tenants; or (2) make the account payable to one or more of the depositors or the survivor or survivors of them. *Estate of Huskey v. Monroe*, 674 S.W.2d 205, 211 (Mo.App.1984). It is immaterial whether the names of the depositors are listed as "A and B," "A or B" or simply "A, B." *Id.*

 In the present case, all six certificates of deposit are made payable in the form "to A or B ... payable to either." The "magic" words which trigger a joint tenancy are missing. The depositors are not named as joint tenants, nor are the certificates to be paid to one of them or to the survivor. § 362.470; *see also Smith v. Thomas*, 520 S.W.2d 132, 136–137 (Mo.App. 1975). Thus, none of the six certificates conform to the clear statutory requirements. The trial court properly found that no joint tenancy was created in any of the certificates, so that the defendants did not own them at decedent's death. Defendants' first point is denied.

Defendants' second point avers error in the trial court's excluding testimony to establish decedent's intent as well as the customs and practices of the bank at the time the certificates in question were issued. At trial, counsel for the estate objected to such evidence on the basis of hearsay, relevancy, and the parol evidence rule. The court sustained the objection. Defendants argue that, had such evidence been admitted, it would have proven that a joint tenancy had been created in each of the certificates.

 We note that there is no ambiguity in the language on the certificates of deposit. When there is a definite, unequivocal contract in writing for a joint bank account and the parol evidence rule is invoked, the provisions of the written agreement cannot be varied by testimony indicating a contrary intent of the parties. *Connor v. Temm*, 270 S.W.2d 541, 546–547 (Mo.App.1954). The trial court properly refused to admit testimony from a bank employee to establish that decedent's intent was different from that indicated by the language on the certificates.

 Additionally, the court properly excluded testimony to determine the custom and practice of the bank in setting up joint accounts. The bank's interpretation of the statute is unimportant. The statute is clear and easily followed. There is no reason to create exceptions and to make the process needlessly complex. Defendants' second point is denied.

Defendants' third point challenges the trial court's refusal to permit two of the defendants to testify regarding what decedent had told them about the ownership of the certificates. In view of our holding on defendants' second point, defendants' third point is denied.

The judgment of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.