ESTATE OF Langdon R. JONES, II, Bankrupt,

William H. Frye, Trustee, Plaintiff-Appellant,

v.

PLANTERS GRAIN AND SEED CO., Defendant-Respondent.

No. 14693.

Missouri Court of Appeals, Southern District, Division One.

Jan. 20, 1987.

W.H. Winchester, III, Drumm & Winchester, Sikeston, for plaintiff-appellant.

John M. Beaton, Welman, Beaton, Williams & McVey, Kennett, for defendant-respondent.

GREENE, Presiding Judge.

Plaintiff, William H. Frye, Trustee of the Estate of Langdon R. Jones, II, Bankrupt, appeals from a circuit court order sustaining a motion for summary judgment in favor of defendant, Planters Grain and Seed Company (Planters).

The facts are not in dispute. In June of 1980, Jones purchased a quantity of soybean seed from Planters. After planting, the seed failed to germinate, which fact was known to Jones before July 10, 1980, when his petition for bankruptcy was filed in the United States Bankruptcy Court for the Eastern District of Missouri. A claim for damages against Planters, because of the seed's failure to germinate, was not listed by Jones in his schedule of assets filed in the bankruptcy case.

William H. Frye was appointed as trustee of the bankrupt's estate. Jones was discharged in bankruptcy on October 15, 1980. On July 24, 1981, Jones filed a damage suit against Planters, in which he claimed a breach of implied warranty in selling him defective seed, and asked for damages in the sum of $40,000. The suit rocked along, without much done for several years.

On July 16, 1985, Frye, by agreement of the parties, was substituted as a party plaintiff in the suit against Planters. Frye filed an amended petition, after which Planters filed a motion for summary judgment contending that Frye had, in effect, filed a new cause of action, as Jones, the original plaintiff, had no beneficial interest in the damage suit when he filed it, due to the fact that he had been discharged in bankruptcy, and as a new cause of action,

it was barred by the statute of limitations. On February 14, 1986, Planters' motion for summary judgment was sustained by the trial court.

On appeal, Frye asserts that Jones had a beneficial interest in any damages recovered in the suit against Planters in that he had a legal obligation to pay his creditors out of his assets, and that the substitution of Frye, as a party plaintiff after the statute of limitations in question, which is § 400.2–725(1), RSMo 1978,[1] had run, relates back to the date of the filing of the original petition, which was not barred by the statute.

There are no Missouri cases precisely in point on the question. It seems to us that a bankrupt person and his trustee are both interested in recovering all possible assets of the bankrupt for the benefit of his creditors since, although title to the bankrupt's assets passes to the trustee, the disposition of those assets is for the benefit of the bankrupt and his creditors. Such is the holding of *Van Der Stegen v. Neuss, Hesslein & Co.*, 270 N.Y. 55, 200 N.E. 577 (N.Y.1936). In that case, Van Der Stegen sued Neuss for breach of contract. While the case was pending, Van Der Stegen was declared a bankrupt. After the applicable statute of limitations had run, a motion was made to substitute the curator, or trustee, in bankruptcy as the party plaintiff. Defendant contended, as the defendant does here, that the claim of the trustee was a separate and distinct cause of action and, since it was not brought within the statutory period, it was barred. The substitution was allowed.

On appeal, the substitution was upheld. The appellate court reasoned that the bankrupt and his trustee were both interested in possible assets, such as the claim in question. As to the bankrupt's interest, the court said that he was obligated to turn over all of his property, and make a full and fair revelation of all his claims because he expected to be discharged from his debts, which he had a legal, as well as moral, obligation to pay to the best of his ability. Therefore, the court reasoned that the relationship between the bankrupt and the trustee was for one and the same purpose, which was to receive from the bankrupt's property and claims enough money to pay his debts.[2]

 The case also held that where a plaintiff pleads a specific set of facts in trying to enforce a claim within the statutory period, and defendant had notice of such a claim from the date of its filing, the reasons for statute of limitations cease to exist, and the substitution of the trustee was proper. We agree with such reasoning. The substitution relates back to the date of the filing of the original petition, which was not affected by the statute of limitations. Planters suffers no damage by the substitution, as it knew from the beginning what the claim was, and had the opportunity to timely investigate it and prepare its defenses.[3]

The order of the trial court sustaining Planters' motion for summary judgment is reversed, and the cause remanded with directions to reinstate the cause of action.

CROW, C.J., and SEIER, Special Judge, concur.

---

1. This statute reads as follows:
   "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

2. This purpose will be accomplished here as the bankruptcy case has been reopened to determine what value, if any, the claim against Planters has.

3. It is clear from an unbroken line of Missouri decisions that if a suit is brought by one who has a beneficial interest in the subject matter, the substitution of a proper plaintiff, as here, will relate back to the time of filing of the original action, and the intervening running of the statute of limitations will not be held to bar the action by the substituted plaintiff. *See St. Paul Fire & Mar. Ins. Co. v. Continental Bldg. Op. Co.*, 137 F.Supp. 493, 494 (U.S.Dist.Ct.Mo., W.D.1956), and cases cited there.