W. SHARP, J.
Thompson appeals from two partial final summary judgments entered in the same cause of action, consolidated for purposes of this appeal. They were entered against Thompson and Sun Fun Leasing, Inc., the plaintiffs’ below. Both determine that count I of the Fifth Amended Complaint is barred by the four year statute of limitations. § 95.11(3)(j). We disagree and reverse.
Count I of the Complaint seeks to avoid and recover assets which the defendants below, Liles, et al., allegedly conveyed to others or sought to hide from creditors — here, Thompson. In 1994, Liles filed bankruptcy. Thereafter, and before the statute of limitations had run, Thompson filed a Fourth Amended Com *475 plaint that added as a plaintiff his solely-owned business, Sun Fun Leasing, and Liles’s trustee in bankruptcy. The trustee was named for the purposes of pursuing the fraudulent conveyance count, in place of the plaintiffs, who were Liles’ creditors. Logically at that point, the trustee was the only party with standing to seek recovery of assets on behalf of the bankruptcy estate and creditors.[1]
When Liles’s bankruptcy was discharged, the trial court dropped the trustee as a party, pursuant to a request by the bankruptcy trustee. Thereafter the court allowed Thompson to file the Fifth Amended Complaint at issue in this appeal, which expressly sought relief for Thompson and Sun Fun Leasing, Inc. as regards Count I, the fraudulent conveyance cause of action. However, on motion for summary judgment, the trial court concluded that because the statute of limitations had run, Count I could not be amended “adding” Thompson and Sun Fun as the plaintiffs.
However, Thompson remained a plaintiff to this lawsuit from the inception and Sun Fun was added as a plaintiff/creditor of Lyles, et al., before the statute of limitations had run. Even if they were added as plaintiffs after the statute of limitations had run, the substitution of parties without substantial or material changes from the original parties does not, of itself, constitute a new cause of action vulnerable to a statute of limitations defense. Griffin v. Workman, 73 So.2d 844 (Fla.1954). These sets of parties have a basic identity of interest. Kozich v. Shahady, 702 So.2d 1289 (Fla. 5th DCA 1997); City of Miami v. Cisneros, 662 So.2d 1272 (Fla. 3d DCA 1995); R.A. Jones and Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985). Both the creditors and the bankruptcy trustee have an interest in recovering all possible assets of the debtor, for the benefit of the debtor’s estate and his creditors. Thus, substitution of the alleged creditors for the trustee necessarily involves the same cause of action, and appropriate parties to pursue it. Estate of Jones v. Planters Grain & Seed Co., 723 S.W.2d 91 (Mo.App.1987). See also Hammes v. Brumley, 633 N.E.2d 266 (Ind.App.1994).
REVERSED.
HARRIS, J., and ORFINGER, M., Senior Judge, concur.

. A bankruptcy trustee represents the creditors of the debtor. See, Steinberg v. Buczynski, 40 F.3d 890 (7th Cir.1994); Koch Refining v. Farmers Union Cent. Exchange, Inc., 831 F.2d 1339 (7th Cir.1987).