In the **ESTATE OF Gerald WHITE, Deceased.**

No. **ED 80945.**

Missouri Court of Appeals, Eastern District, Northern Division.

May 6, 2003.

Branson L. Wood III, Hannibal, for appellant.

David H. Ash, Bowling Green, for Firstar Bank.

C.E. "Sketch" Rendlen, III, Hannibal, For Wayne White.

MARY R. RUSSELL, Presiding Judge.

The personal representative of the estate ("Estate") of Gerald White ("Father") appeals from a judgment of the Circuit Court of Pike County finding that Father and his son, Wayne White ("Son"), were owners of a checking account as joint tenants with right of survivorship. Estate

argues that the trial court's ruling was based on inadmissible hearsay and parol evidence and was not supported by substantial evidence. We find no error and affirm.

Father had been the sole owner of a checking account at Firstar Bank ("Bank"). In December 2000, Son, at Father's direction, obtained the signature card for Father's account from Bank and presented it to Father. The front of the card indicated that Father owned the account solely. Language printed on the top of the back of the card authorized Bank to "recognize the signature(s) subscribed below in the payment of funds or transaction of any business for this account." Beneath this language, Father signed his name. On the line directly beneath Father's signature, Son signed his name and then returned the card to Bank.

When Bank processed the card, Bank's employee ("Employee") hand-wrote "added [Son], joint owner" on the upper right-hand corner of the front of the card. Sometime before this litigation began, Bank had inserted the social security number, address, and phone number of Son on the front of the card in a box entitled "name." Son's name was written vertically along the side of this box. Bank asserted that the addition of this information to the signature card indicated that Bank considered Son a second owner of the account.

After Father's death in April 2001, Estate filed a petition against Son and Bank to discover assets held by them. Estate claimed that Son and Bank were wrongfully withholding the funds in the account from Estate. Son and Bank responded that Son was a joint tenant with right of survivorship, and that upon Father's death, the account became the property of Son. After a bench trial, the court entered judgment in favor of Son and Bank.

On appeal, Estate argues that the trial court erred in finding that the account was held in a joint tenancy with right of survivorship because that finding was based on inadmissible hearsay and parol evidence and was not supported by substantial evidence. The evidence which Estate claims to have been improperly relied on by the trial court included a letter mailed by Bank to Son stating that Father's account had been converted into a joint account with right of survivorship, testimony by Bank's representative explaining that Employee's handling of the signature card complied with Bank's custom and practice, and testimony of Son regarding conversations he claimed to have had with Father regarding the account. Estate also argues that Bank's failure, when Son returned the signature card, to deliver a document to him containing the terms and conditions of ownership of Father's account renders those documents inadmissible. Without support from this allegedly inadmissible evidence, Estate argues that the phrase "added [Son], joint owner" did not convert the account into a joint tenancy with right of survivorship in accordance with section 362.470.1 RSMo 2000.[1] We disagree.

This court will uphold the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law. *In re Wax,* 63 S.W.3d 668, 670 (Mo.App.2001) (*citing Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). On appeal, we accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party, and we disregard contradictory evidence. *Schwartzkopf v. Schwartzkopf,* 9 S.W.3d

---

**1.** All statutory references shall be to RSMo 2000 unless otherwise indicated.

17, 20 (Mo.App.1999). Conflicting evidence is resolved in favor of the trial court's determination, as we defer to the trial court's assessment of witness credibility. *Stewart v. Stewart,* 905 S.W.2d 114, 116 (Mo.App.1995).

Whether or not a joint tenancy with right of survivorship was created with respect to Father's account is determined by section 362.470.1, which provides:

> When a deposit is made by any person in the name of the depositor and any one or more other persons ... as joint tenants or in form to be paid to any one or more of them, or the survivor or survivors of them ... the deposit thereupon and any additions thereto made by any of these persons, upon the making thereof, shall become the property of these persons as joint tenants ... and may be paid ... to any one of the survivors of them after the death of any one or more of them. The making of a deposit in such form, and the making of additions thereto, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the bank ... or any survivor is a party of the intention of all the parties to the account to vest title to the account and the additions thereto ... in the survivor.

This statute was interpreted by the Supreme Court of Missouri in *Maudlin v. Lang* as establishing three alternative methods through which a joint tenancy with right of survivorship can be created: (1) by describing the named persons as "joint tenants;" (2) by making the deposit "in form to be paid to any one or more of [the named persons];" or (3) by making the deposit "in the form to be paid to ... the survivor or survivors." 867 S.W.2d 514, 516 (Mo. banc 1993).

█ If the language of the account's documents complies with section 362.470.1

through any one of these methods, the presumption of joint tenancy with right of survivorship is conclusive. *Estate of Hayward,* 884 S.W.2d 10, 14 (Mo.App.1994) (conclusive effect binding not only in dispute between financial institution and account claimant, but also between account survivor and another account claimant). Evidence of the depositor's intent, other than that in the deposit documents, is irrelevant when there is such statutory compliance. *Maudlin,* 867 S.W.2d at 517. Only if the language of the deposit documents is ambiguous in establishing compliance with the statute is extrinsic evidence of the intent of the depositor relevant and controlling of the disposition of the account. *Id.*

█ Estate claims that the phrase "added [Son], joint owner" handwritten on the front of the signature card by Employee, did not establish a joint tenancy through any of the methods offered by the statute because it does not employ the precise statutory words, which are "joint tenants" or "paid to one of them or to the survivor." This argument may have been viable before *Maudlin. See Estate of Plummer v. Fritsch,* 706 S.W.2d 573, 575 (Mo.App. 1986) (phrase "to A or B, payable to either" did not establish joint tenancy because the precise statutory words were not used). Since *Maudlin,* however, it is well settled that even in the absence of the precise statutory words, the language of the deposit documents may serve to create a joint tenancy through the second method. *See Braden v. Stuck,* 950 S.W.2d 489, 492–95 (Mo.App.1997) (joint tenancy with right of survivorship created even though "joint tenancy with right of survivorship" and "number of signatures required" sections were left blank); *Griffin v. Miller,* 899 S.W.2d 930, 935 (Mo.App.1995) (joint tenancy with right of survivorship estab-

lished even though spaces provided to indicate type of account were not filled in).

■ In cases where it is claimed that a joint tenancy with right of survivorship has been created despite the absence of the precise statutory words, the language of the deposit documents is critical. *See Maudlin,* 867 S.W.2d at 516. If this language complies with the statute, it triggers the conclusive presumption of joint tenancy with right of survivorship. *Id.* at 516–17.

The language of the deposit documents in this case, as well as the circumstances which gave rise to the litigation, are strikingly similar to those in *Braden.* In *Braden,* the name of the depositor's son was added to the signature card of an account originally owned solely by the depositor. 950 S.W.2d at 490. Upon the depositor's death, the son claimed sole ownership of the account based on his contention that the language of the replacement signature card, signed by the depositor and himself, created a joint tenancy with right of survivorship through the second method under section 362.470.1. 950 S.W.2d at 492.

The depositor's estate disagreed, arguing that the language on the signature card did not comply with section 362.470.1 and was ambiguous as to the ownership of the account. 950 S.W.2d at 492. To resolve this ambiguity, the depositor's estate sought to introduce extrinsic evidence to prove that the depositor did not intend to create a joint tenancy with right of survivorship. *Id.* The contested language on the signature card was "bank is hereby authorized to recognize the signatures listed on the reverse side for transaction of business." *Id.* at 493. The reverse side of the

card was signed by the depositor and the purported joint tenant. *Id.* at 490.

In the instant case, the back of the signature card included the language "the bank is hereby authorized to recognize the signature(s) subscribed below in the payment of funds or the transaction of any business for this account." Both Father and Son signed the card beneath this language.

Each of the nearly identical statements printed on these signature cards includes the phrase "transaction of business."[2] The court in *Braden* executed a syllogistic analysis of this phrase. *Id.* at 493–94. It found that if each signatory to a deposit agreement is authorized by that agreement to make withdrawals from the account, then this authorization renders the account "in form to be paid to any one or more of" the depositor or the purported joint tenant, which in turn complies with the second method under section 362.470.1. *Id.* at 493 (*citing Griffin,* 899 S.W.2d at 930, and *Maudlin,* 867 S.W.2d at 517). Extrapolating from that logic, the *Braden* court concluded that if the language of the deposit agreement, articulated through the signature card, authorizes each signatory to make a withdrawal from the subject account, then that language creates a statutory joint tenancy with right of survivorship. *Id.*

After considering the plain and ordinary meaning of the phrase "transaction of business" as found on the signature card and recognizing the "object, nature and purpose" of the agreement pursuant to rules of interpretation, *Braden* found that the language used on the signature card authorized each of the signatories to make withdrawals from the account. *Id.* at 494. This language, therefore, complied with

---

**2.** Although the signature card in this case inserts the word "any" into this phrase before the word "business," this additional word has

no effect on the phrase that would except it from the *Braden* analysis.

the second method and raised the conclusive presumption of joint tenancy with right of survivorship. *Id.* at 494. We find the reasoning employed in *Braden* to be sound and applicable here.

Applying the *Braden* analysis to this case, the language "transaction of any business" printed on the signature card above the signatures of Father and Son compels the conclusion that a joint tenancy with right of survivorship was created with respect to the account through the second method. Because the form of the deposit in this case complies with section 362.470.1, extrinsic evidence of Father's intent is irrelevant. *See Maudlin*, 867 S.W.2d at 517; *Braden*, 950 S.W.2d at 494–95 (depositor's intent irrelevant despite existence of overwhelming evidence that depositor did not intend to create joint tenancy).

We need not consider Estate's argument that it was error for the trial court to admit Bank's letter to Son or the testimony pertaining to Bank's custom and practice, as even if either or both of these admissions were erroneous, reversal is only required when there is an absence of other competent evidence to support the trial court's finding. *Conoyer v. Conoyer*, 695 S.W.2d 480, 482–83 (Mo.App.1985). We find that the language on the back of the signature card constitutes other competent evidence supporting the trial court's finding. Likewise, we need not address whether Bank's alleged failure, when Son returned the signature card, to deliver to him a document containing the terms and conditions of the account rendered that document inadmissible. The status of the account is conclusively determined by the language on the signature card, without regard to any documents extrinsic to that card. *See Braden*, 950 S.W.2d at 493–94. Because the trial court's ruling is supported by substantial evidence, Estate's point on appeal is denied.

The judgment of the trial court is affirmed.

GEORGE W. DRAPER, III, J., and BOOKER T. SHAW, J., concur.