Jennifer KNOX, et al.,
Plaintiffs/Respondents,

v.

Thomas A. MORRIS,
Defendant/Appellant.

No. ED 92186.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 1, 2009.

Ronald D. Kwentus, Jr., Maryland Heights, MO, for appellant.

Daniel L. Goldberg, St. Charles, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Thomas Morris appeals from the judgment of the trial court that quieted title to a 0.74 acre parcel of real property ("Property") on Lehman's Island in St. Charles County, Missouri in favor of Jennifer Knox and Chris Kohlmeyer. We reverse and remand.

Jennifer Knox and Chris Kohlmeyer filed a petition to quiet title to the Property on September 30, 2004. They alleged that there were no records regarding the Property in the Recorder of Deeds records of St. Charles County, and that they owned two tracts of land adjoining the Property. They further averred that they had cared for the Property for "several years" by doing things such as mowing the grass. Knox and Kohlmeyer also claimed that they knew of no other parties who might have a rightful claim to the Property, and that it would be "in the best interest of all concerned" to quiet title to the Property in their names.

Knox and Kohlmeyer served notice by publication in November 2004. The trial court granted a default judgment in their favor on January 4, 2005, and entered judgment quieting title to the Property in their names. The trial court set aside the default judgment on February 15, 2008. Morris filed an answer to the petition of Knox and Kohlmeyer, along with a counterclaim asserting that he had acquired title to the Property by adverse possession, in that as of January 4, 2005, he had been in actual possession of the Property for a period of twelve years, and that his possession had been open and notorious, hostile, exclusive, continuous, and undisputed for that twelve year period. He requested judgment declaring his right to the Property, following a survey, to be superior to that of Knox and Kohlmeyer, enjoining them from ever asserting any claim to the Property, and declaring that he has title in fee simple absolute to the Property.

The case was tried to the court. Knox and Kohlmeyer testified, as did several of their neighbors. Morris and his sister testified. Several other witnesses were called by Morris to testify, including Roger Schroeder, who did tree removal and landscaping work for Morris on Lehman's Island; Michael Daily, who had worked as a wetlands biologist for the U.S. Army

Corps of Engineers and performed numerous inspections on Lehman's Island; and Frank Stock, another neighbor from Lehman's Island. Morris introduced a number of exhibits into evidence. At the close of evidence, Knox and Kohlmeyer moved for a directed verdict on Morris's counterclaim of adverse possession, which the trial court granted.

In its judgment, the trial court described the Property, and then made the following findings and conclusions:

Witnesses agreed that the tract was basically abandoned by its owner more than thirty years ago, but for more than seven years was enclosed and maintained by a resident named Archie Bland. Mr. Bland ran a barbed wire fence around the property's perimeter, kept a garden within the enclosed space, and mowed it when necessary. The Court finds Archie Bland eventually obtained the tract by adverse possession. Plaintiff Knox moved to the island in the early eighties and befriended Mr. Bland. After the catastrophic flood of 1993, Bland sold his property on Lehman['s] Island to Plaintiff Knox. She later sold Mr. Bland's tract to St. Charles County. Although the County still owns the property and leases it to Defendant Morris, they were not a party to this action. Both parties provided testimony that they have overtly maintained the property for many years. Plaintiffs testified as to their care along with four neighbors. Defendant Morris testified and offered his sister's testimony as well as another neighbor's. **It is impossible for the Court to determine which of the parties has the superior claim based upon the diverse testimony.**

Therefore, the Court finds that Plaintiff Knox obtained the disputed tract at the time she purchased the property from Archie Bland. Because Mr. Bland had obtained ownership [of] the disputed tract though **adverse possession,** it passed with his adjoining lot at the time of the sale to Plaintiff Knox. Plaintiff Knox later sold Mr. Bland's property, **and perhaps one could argue the disputed tract passed into County ownership.** However, as the County did not [assert] a claim in this action, the Court will not speculate about the strength of claims not filed. Because Plaintiff Knox obtained the property at the time she purchased from Mr. Bland, her interest is superior to Defendant Morris' interest.

Therefore the Court grants the Petition to Quiet Title in favor of Plaintiffs and declares Plaintiffs to have title in fee simple in [sic] absolute in the 0.74 acre bordering Sunset Drive.

The Court further enjoins Defendant Morris from ever asserting a claim to said portion of the tract in the future.

(Emphasis added).

Morris now appeals from this judgment.

This Court reviews a bench-tried case under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

Morris raises two related points relied on in his brief.[1] In his first point relied on, Morris contends that the trial court erred in its conclusions by finding

---

1. Morris filed a motion to dismiss for failure to state a claim upon which relief may be granted with this Court pursuant to Rule 55.27(a)(6), contending that the petition to quiet title filed by Knox and Kohlmeyer failed to state a cause of action. We agree. However, Rule 55.33(b) provides that the pleadings may be amended to conform to evidence presented at trial, stating that:

that Knox's predecessor in interest to a parcel abutting the Property, Archie Bland, obtained the Property by adverse possession. Specifically, Morris claims that there was no evidence that Bland maintained "actual, hostile, open and notorious, and exclusive possession" of the Property for a period of ten years, and also Knox and Kohlmeyer did not plead adverse possession. In his second point relied on, Morris asserts that the trial court erred in finding that Bland has obtained the Property by adverse possession because this finding is against the weight of the evidence in that there was no evidence that Bland maintained "hostile, exclusive, and continuous possession" of the Property for the statutory period, ten years, and Knox testified that she believed that she had obtained the Property when she and her former husband bought a separate abutting tract from Archie Ripetto and Doris Ripetto in 1988.

■ The trial court misstated and misapplied the law concerning adverse possession. A party claiming title by adverse possession under section 516.010 RSMo 2000[2] must prove that he or she "'possessed the land, and that the possession was (1) hostile, that is, under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous, for 10 years prior to commencement of [the] action to perfect title by adverse possession.'" *Lancaster v. Neff,* 75 S.W.3d 767, 771 (Mo.App. 2002) (quoting *Shoemaker v. Houchen,* 994 S.W.2d 40, 44 (Mo.App.1999)). The statutory period is ten years. Section 516.010. The trial court did not find that Bland had acquired title to the Property through adverse possession of it for ten or more years, but rather that he had "enclosed and maintained" it for "more than seven years." This is not a sufficient period under the statute and case law. This alone would merit reversal.

■ In addition, there is not sufficient substantial evidence to support the judgment based on a possible claim of adverse possession by Knox and Kohlmeyer. The trial court stated that conflicting testimony was presented, and "[i]t is impossible for the Court to determine which of the parties has the superior claim based upon the diverse testimony." While we defer to the trial court's assessment of witness credibility, and accordingly resolve conflicting evidence in favor of the determination of the

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment to the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . .

We observe that Morris raised the issue of adverse possession in his counterclaim, and evidence of Bland's claim to the Property based on adverse possession was entered into evidence without objection by Morris, with Morris introducing some of the evidence himself through his cross-examination of Linda Swiney, a witness for Knox and Kohlmeyer. In addition, while Knox and Kohlmeyer also failed to plead that they had acquired title to the Property through adverse possession based on their own acts, there was evidence presented on this issue, largely without objection from Morris, and such objections as were made were not to the introduction of the issue. Under Rule 55.33(b), the issues of adverse possession of the Property, both by Bland and by Knox and Kohlmeyer through their own acts, were tried by implied consent, and the pleadings amended to conform to the evidence. *See RPM Plumbing Mechanical, Inc. v. Jim Plunkett, Inc.,* 46 S.W.3d 60, 62–63 (Mo.App.2001); *see also Arnett v. Venters,* 673 S.W.2d 67, 72 (Mo.App.1984). Accordingly, the motion to dismiss for failure to state a claim upon which relief may be granted is denied.

2. Unless noted otherwise, all further statutory citations are to RSMo 2000.

trial court, in the present case the trial court did not make a determination of witness credibility, and there is nothing to which this Court can defer. *See In re Estate of White,* 105 S.W.3d 524, 527 (Mo. App.2003). We cannot affirm the judgment based on possible claims of adverse possession by Knox and Kohlmeyer. Given the trial court's findings of fact and conclusions of law, we are compelled to reverse and remand for further proceedings. Points sustained.

On remand, the trial court should further address an issue that it raised in its findings. The trial court found that "one could argue that the [Property] passed into [St. Charles] County ownership[,]" based on Knox's sale of the land she purchased from Bland to St. Charles County.[3] Because of this possible interest in the Property, it would appear that St. Charles County is a necessary party under Rule 52.04(a) that "shall be joined[.]" *See Polette v. Williams,* 456 S.W.2d 328, 332–33 (Mo.1970); *Buford v. Lucy,* 328 S.W.2d 14, 18–19 (Mo.1959) ("All persons materially interested in the subject matter of a suit to quiet title should be made parties to it, either as plaintiffs or defendants, however numerous they may be so that there may be a complete decree, which will bind all of them.")

The judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

KENNETH M. ROMINES, C.J., and ROY L. RICHTER, J., concur.

---

**3.** Knox and Kohlmeyer failed to join St. Charles County as a defendant to their action to quiet title. The record does not reflect that St. Charles County, which had a known possi-

---

ble claim, received personal service of process for this quiet title action as required by Rule 54.13(b)(4).